# EXHIBIT 1

Election Procedure Agreement

**A. Applications.**

1. The Agreement is between SEIU, United Healthcare Workers – West ("UHW") and SEIU, [redacted], on the one hand, and the California Primary Care Association ("CPCA") and each signatory Community Health Center ("Health Center") on the other hand. UHW and [redacted] will collectively be referred to as the "Union." The CPCA and Health Centers will collectively be referred to as the "Employer Parties."

2. The Parties agree that the following commitments and recognition procedure will govern with respect to organizing and recognition processes at all existing and new signatory Health Centers' facilities. These commitments and procedures are intended to provide employees freedom of choice on the question of unionization.

3. This Agreement shall remain in effect for five (5) years from the date the last signatory Health Center executes this Agreement. In each year of the Agreement, elections for at least five (5) thousand employees shall occur under this Agreement, totaling elections for twenty-five (25) thousand employees over the term of the Agreement.

**B. Statement of Philosophy.**

1. The Parties support and recognize the critical mission that Health Centers provide by delivering healthcare prevention and primary services to 8 million patients in underserved communities.

2. The Parties support the freedom of workers to form and join a union if they so choose.

3. The Parties support the philosophy that positive relationships arise from shared creativity and responsibility; the recognition and protection of basic human rights of employees; and the representation of workers' interests in those decisions that affect them and their patients in a way that ensures that their voice will be consistently and effectively heard.

## C. Guidelines.

1. The Parties agree that employees shall be entitled to make their own decision regarding union representation free from coercion, intimidation, promises, or threats from the Parties in accordance with the National Labor Relations Act and all other applicable laws.

2. The Parties agree that their representatives will communicate in a way that does not personally attack officers, executives, representatives, employees or sponsors of the Parties.

3. The Employer Parties' representatives will not inform or imply to eligible voters that they will lose benefits, wages or be subject to less favorable working conditions by unionizing.

4. The Employer Parties agree that they will not imply that the Union will force employees to strike, fine employees, or discuss union dues in any manner.

5. The Employer Parties agree that its supervisors and managers shall not initiate one on one conversations with employees about unionization. This is not intended to prohibit normal and customary one on one conversations between employees and supervisors regarding workplace issues not related to unionization.

6. The Employer Parties agree that employee participation in any meeting where unionization is to be discussed shall be voluntary. The Employer Parties agree to give forty-eight (48) hours' notice to employees that they will be holding a meeting where unionization will be discussed and will inform employees that the meetings are completely voluntary. The Employer Parties also agree to invite a representative of the Union to address the group as well. The Employer Parties agree not to take any attendance of those who attend such a meeting, and they agree not to prohibit any employee from attending.

7. No employee shall have their right to determine whether or not to be represented by a Union abridged in any manner by reason of their citizenship or immigration status.

8. The Employer Parties agree that they will not use any consultants, outside parties, or other individuals respect to unionization or any election conducted under this Agreement. The Employer Parties agree not to use surrogates to avoid their obligations under this Agreement.

9. The Parties agree that they will not use any funds, regardless of their source, to influence or interfere with employees with respect to unionization.

10. Permitted Message: Should the Employer Parties wish to convey an opinion to employees about unionization, the Employer Parties agree that their message on this subject, if any, will be as follows: The [Health Center] strives to act in the best interest of its employees and prefers a direct relationship between employer and employee. The [Health Center] is also committed to the principle that employees must be free to choose in a secret ballot election whether or not to join a union. The [Health Center] will not ask or tell employees to vote against union representation. The [Health Center] may provide employees with information to support an informed choice. Information presented to employees about unions will be accurate and factual and will be provided to employees for the purpose of encouraging full discourse and reflection.

**D. Notice of Intent to Organize.**

1. Notice of intent to Organize: When employees have begun signing union authorization cards in an appropriate unit, UHW or [redacted] shall promptly notify the appropriate Health Center of its intent to organize a group of employees and identify an appropriate unit.

2. Within two (2) business days of UHW's or [redacted] notification to the Health Center of its Intent to Organize an appropriate unit, the affected Health Center will distribute a joint announcement as described below.

3. Joint Statement of Employee Rights: Upon receipt of the Notice of Intent to Organize, the Health Center will distribute to the employees the following joint statement of employee rights:

All employees have the right to participate or not to participate in union activities. Employees have the right to wear lanyards or other identifiable Union gear to indicate support or non-support of the Union. Employees also have the right to distribute literature concerning support for or against union organization in non-work areas such as the break room, parking lots, smoking areas and other places outside the Health Center, or non-working time. Employees may talk about whether or not they want to be represented by a union and workplace issues including wage rates, disciplinary system, employer policies and rules and working conditions in any area under the same terms applicable to any other private conversation between employees.

4. Training and Rapid Response Team: The Parties agree to set up a Rapid Response Team to address any problem in a quick and effective manner that may arise during the election period at any Health Center facility. Each party shall also appoint an on-site coordinator as its top representative during the duration of the election period to be the primary on-site contact for the Election Officer. These on-site coordinators shall work together to address problems quickly and to reduce areas of possible conflict over the day-to-day implementation of this recognition procedure.

Upon service of a Notice of Intent to Organize, UHW or [redacted] and the Health Center may, upon request, schedule a training session for its organizers and/or supervisors, respectively, who are assigned to the facility. Both parties' sessions will include a segment to be attended by a senior representative of the other party. However, the training sessions shall not operate to delay the election schedule.

**E. Determination of Majority Status/Appropriate Units.**

1. Appropriate Unit Defined: The Parties agree that, except as provided herein, the determination of what constitutes an appropriate unit will be governed by the decisions and regulations of the National Labor Relations Board; provided, however, that nothing in this Agreement shall prohibit the parties from mutually agreeing to a bargaining unit comprised of a single classification or a set of classifications, which share a community of interest.

2. Election Officer: The parties shall jointly select a permanent Election Officer. If the parties cannot agree on the selection, they agree to select one from a panel provided by SMCS or AAA. Any cost associated with the use of the Election Officer will be split equally between the Employer and the Union. If the permanent Election Officer is not available, the parties agree to select one from a panel provided by SMCS or AAA.

3. Showing of Interest: Upon the Union's presentation of union authorization cards from 30% of the employees within the proposed appropriate bargaining unit to the Election Officer, the Election Officer shall direct a secret ballot election to be held within twenty-one (21) days upon receiving the list. The Election Officer will use the NLRB policies and guidelines in effect at the time of notification as the standard of ascertaining the validity of the showing of interest.

4. The Election Officer may use the services of SMCS or, with the consent of both parties, American Arbitration Association ("AAA") or an election company to help conduct the mechanics of the election. Any costs associated with the election will be borne equally by the Parties. In the Union's discretion, the election may held through in-person voting, mail ballot or by electronic voting, or a combination of these different methods; provided that whatever method is chosen allows for the casting of a secret ballot. The Election Officer is empowered to determine the date, times and location of the election, if applicable.

5. If another labor organization intervenes in any private election being conducted pursuant to this Agreement, the Agreement shall not apply; the labor organizations involved shall seek recognition through the National Labor Relations Board. The Employer shall not solicit any rival union(s) to intervene in an election.

6. NLRB Election Option: UHW or [redacted] may, in its discretion, choose to have the NLRB conduct an election under the same rules in this recognition procedure. In such a situation, the NLRB shall substitute for the role of the Election Officer, but all other aspects of the recognition procedure shall apply, except as adjustments may be required by the NLRB.

**7. Access**

a. Other Agreements: Nothing in this Agreement supersedes any access or other rights guaranteed to UHW or [redacted] by a collective bargaining agreement.

b. Public Areas: The Parties agree that a reasonable number of UHW or [redacted] organizers may have access to the break rooms and to the public areas inside and outside the facility, subject to the general rules applied to the public and use of those areas; provided that these rules shall not be applied in a disparate manner, and will not be used to unreasonably deny access to UHW or [redacted] organizers. The organizers agree to conduct themselves in such a way that does not disturb patients or visitors, or interfere with patient care and agree not to use hospital chapels. They will respect the request of any employee who does not wish to engage in a discussion or accept literature.

c. Bulletin Boards: If the Employer Parties decide to post materials related to an organizing effort or allows its use by another union, UHW or [redacted] shall be given the same opportunity. However, upon the showing of interest, UHW or [redacted] shall have access to at least one (1) bulletin board to post literature at the facility being organized pursuant to this Agreement. Should the Employer Parties use multiple bulletin boards to post organizing and recognition related materials, UHW or [redacted] shall have access to an equal number in areas accessible to the proposed bargaining unit members.

d. Use of Facility: Upon the showing of interest, UHW or [redacted] may reserve facility conference rooms, subject to established procedures and use limitations, for the purpose of meetings with employees eligible to vote in a scheduled election during the election period. Attendance shall be limited to employees of the UHW or [redacted], UHW or [redacted] member organizers and eligible voters.

e. Unpaid Leave of Absence: Upon the showing of interest, the Employer will grant an unpaid leave of absence for up to four (4)

months to one (1) employee within each bargaining unit at the facility being organized. Employees returning from such leaves shall be returned to the position held prior to the leave.

8. **Election Details**:

a. Employee Lists and Eligibility: Within two (2) business days after the showing of interest is presented to the Election's Officer, the Employer will provide UHW or [redacted] with a list of the names, home addresses, telephone numbers, including cell phones, e-mail addresses, job title/department and shift of the employees in the proposed unit UHW or [redacted] seeks to organize and, if applicable, the proposed unit the Employer Parties propose. This information shall be provided in a database format.

b. Eligible Voters: All employees in the appropriate unit who are on the active payroll as of the date of the showing of interest to the Election Officer(s) and who are still on the active payroll at the time of voting shall be eligible to vote in the election, except managers, supervisors, confidential employees, employees of outside registries and other agencies supplying labor to the employer. Per diem employees shall be eligible to vote if they have worked an average of four (4) hours or more during the thirteen weeks prior to the submission of the showing of interest.

c. Timing of the Election and Election Period: Barring any unusual circumstances, the election shall be held within twenty-one (21) days upon receiving the voter list. The period between the presentation of the showing of interest to the Election Officer and the certification of results shall be known as the "election period."

d. Ballot Question: If the parties mutually agree to a secret ballot election, the question on the ballot in the election shall be: "Do you wish to be represented by [SEIU-UHW or [redacted]] for the purposes of collective bargaining with [Name of Health Center]?"

Yes _____ No _____

e. Voting: Employees shall cast their secret ballot during the hours determined by the Election Officer, if the Parties are unable to agree

upon the schedule of voting. A Joint Information Sheet previously agreed upon shall be circulated and posted regarding the details of the election at least three (3) business days prior to the election. Employees will not be prohibited from casting their ballots. Employees may vote on work or non-work time. Each party may have two employee observers at each election site. The Employers' observers must be non-supervisory employees.

f. Ballot Count and Recognition: The Election Officer, or the SMCS, AAA or an election company working with the Election Officer, shall count the ballots immediately following conclusion of the voting. Both parties, including interested off-duty employees, may attend the counting of the ballots. There shall be no recording of the ballot count by any electronic or photographic device.

g. Recognition: The Employer agrees to recognize UHW or [redacted] as the collective bargaining agent on behalf of employees in any appropriate unit at facilities where a majority of employees voting, vote for union representation, subject to the decision of the Election Officer resolving any outstanding objections to the election Any objections to an election must be filed by either party within three (3) business days after counting of the ballots. Upon certification of UHW or [redacted] as the collective bargaining representative, the parties will immediately commence good faith negotiation for a collective bargaining agreement.

## F. Dispute Resolution

9. The Election Officer shall have the authority to resolve any and all disputes that arise out of this Agreement. Further, the Election Officer has the authority to determine the hearing procedures to be followed as well as to order an appropriate remedy against the non-complaining party if they determine a violation of this Agreement occurred. Both parties agree to accept and be bound by all of the decision(s) of the Election Officer.

10. Unit Issues: The parties agree that upon filing the showing of interest to the Election Officer, UHW or [redacted] and the Health Center will meet promptly and will exert their best efforts to identify and resolve issues concerning supervisors, managerial employees, confidential employees and per diem status according to the NLRB, before a hearing is scheduled

before the Election Officer. Should any disagreements arise that cannot be resolved between the Parties, any such employee whose eligibility is in dispute at the time of the election shall be allowed to vote by challenged ballot. Such challenged ballots shall be segregated at the time of the vote count and shall not be included in the initial tally. If the number of challenged ballots is sufficient to potentially change the outcome of the election, the Health Center and UHW or [redacted] shall meet to resolve as many of the challenges as possible. If the parties cannot resolve sufficient challenged ballots such as would permit the election to be certified by the Election Officer, UHW or [redacted] and the Health Center shall submit the dispute to the Elections Officer. The Election Officer's determination shall be binding. The Election Officer shall have the authority to fully resolve any such disputes with respect to the inclusion or exclusion of any classification in the unit and the eligibility of any employee to vote. Both parties agree to accept and be bound by all of the decision(s) of the Election Officer.