**UNITED STATES DISTRICT COURT FOR THE**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

**CALIFORNIA PRIMARY CARE ASSOCIATION,**

Plaintiff,

v.

**SERVICE EMPLOYEES INTERNATIONAL UNION − UNITED HEALTHCARE WORKERS WEST, ET AL.,**

Defendant.

NO. **2:26−CV−03311−DC−JDP**

INITIAL CASE MANAGEMENT ORDER

This action has been assigned to Honorable Dena M. Coggins. Pursuant to the provisions of Rule 16 of the Federal Rules of Civil Procedure and Local Rule 240, IT IS HEREBY ORDERED THAT:

1. Plaintiff(s) shall complete service of process on all parties within ninety (90) days of the date of filing of the complaint.

2. Concurrently with the service of process, or as soon thereafter as possible, plaintiff(s) shall serve upon each of the parties named in the complaint, and upon all parties subsequently joined, a copy of this order, and shall file with the Clerk of the Court a certificate reflecting such service.

3. In the event this action was originally filed in a state court and was thereafter removed to this court, the removing party or parties shall, immediately following such removal, serve upon each

/////

of the other parties named in the complaint, and upon all parties subsequently joined, a copy of this order, and shall file with the Clerk of the Court a certificate reflecting such service.

4. By no later than ninety (90) days from the date of entry of this order, the parties shall confer as contemplated by Federal Rule of Civil Procedure 26 and Local Rule 240(b). The parties shall submit, by no later than January 5, 2027, a joint status report that includes the Rule 26(f) discovery plan, with all named parties participating in the preparation and completion of the report. The status report shall address the following matters:

a. a brief summary of the claims and legal theories under which recovery is sought or liability is denied;

b. status of service upon all defendants and cross-defendants;

c. possible joinder of additional parties;

d. contemplated amendments to the pleadings, including to simplify or clarify the issues and eliminate previous claims and defenses;

e. the statutory basis for jurisdiction and venue;

f. anticipated discovery and the scheduling of discovery, including:

i. what changes, if any, should be made in the timing, form, or requirement for disclosure under Rune 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made, and whether further discovery conferences should be held;

ii. the subjects on which discovery may be needed, when discovery should be completed and whether discovery should be conducted in phases;

iii. what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed;

iv. the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2); and

v. proposed dates for discovery cut-off;

/////

g. contemplated dispositive or other motions and a proposed date by which all non-discovery motions shall be filed;

h. methods that can be used from the outset to avoid unnecessary proof and cumulative evidence, and anticipated limitations or restrictions on the use of testimony under Federal Rule of Evidence 702;

i. a proposed date for final pretrial conference;

j. a proposed date for trial, estimated number of days of trial, and whether any party has demanded a jury;

k. appropriateness of special procedures such as reference to a special master or agreement to try the matter before the assigned magistrate judge pursuant to 28 U.S.C. § 636(c);

l. proposed modification of standard pretrial procedures because of the simplicity of complexity of the case;

m. whether the case is related to any other case pending in this district, including the bankruptcy court of this district;

n. optimal timing and method for settlement discussions, including whether a court-convened settlement conference should be scheduled, whether in the case of a jury trial the parties will stipulate to the trial judge acting as a settlement judge, and the parties' positions with respect to Voluntary Dispute Resolution (VDRP) as required by Local Rule 271(d); and

o. any other matters that may be conducive to the just and expeditious disposition of the case.

5. The parties shall include a statement in their joint status report advising whether they prefer to appear at an initial scheduling conference, which would be held in person, or are satisfied to have the court issue a scheduling order based upon review of the joint status report. In appropriate cases, and after receiving the parties' joint status report, the court may scheduling order without requiring the parties to attend a scheduling conference. Counsel are

/////

directed to read the scheduling order carefully once it is issued. Requests to modify or vacate any date set forth in the order will not be favored and will not be granted absent good cause.

6. In the extraordinary event the parties are not able to file a joint status report, each party must file an individual status report and attach a declaration setting forth, in detail, the extraordinary circumstances that prevented the parties from filing a joint status report.

7. Any non-governmental corporate party to an action in this court shall file a statement identifying all its parent corporations and listing any publicly held company that owns (10%) or more of the party's stock. Plaintiff(s) shall file the statement not later than fourteen (14) days after filing the complaint, and defendant(s) shall file the statement with the initial pleading(s) filed in the court. The parties shall supplement the statement within a reasonable time of any change in the information required by this paragraph.

8. Counsel are reminded of their continuing duty as provided by Local Rule 160 to immediately notify the courtroom deputy and chambers of any settlement or other disposition of the case. *See also* Local Rule 272.

DATED: September 18, 2026

Dena Coggins
United States District Judge